THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
KENNETH YAEGER, Defendant-Appellee.

Third District   No. 78-405

Opinion filed May 30, 1980.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal arose out of the same facts recited in *People v. Yaeger*, (1980), 84 Ill. App. 3d 415. The defendant Kenneth Yaeger was charged by 10 indictments in the Circuit Court of Peoria County. On the defendant's motion all 10 indictments were dismissed. Upon a motion for rehearing four of the 10 indictments were reinstated but were ultimately dismissed again because of post-indictment pre-arrest delay. The State appealed from the dismissal in case No. 79-358 and this court affirmed. The six indictments which were originally dismissed are the subject of this appeal. The State has conceded that one of the six dismissed indictments was a duplicate charge of the same offense and was properly dismissed.

Accordingly, only five of the dismissed indictments are contraverted by the State on this appeal. The procedural facts which led to this appeal were summarized in case No. 79-358 and will not be repeated again here. However for reference purposes the table created for appellate case No. 79-358 will again be reproduced:

| Designation in this opinion | Circuit Court Number | Charged Date of Offense | Offense charged | Appellate Court Number |
|---|---|---|---|---|
| A. | 75-CF-3677 | 4/9/75 | Charging delivery of a substance containing MDA | 79-358 |
| B. | 75-CF-3678 | 4/10/75 | Two counts—charging delivery of a substance containing MDA | 79-358 |
| C. | 75-CF-3679 | 5/21/75 | Charging delivery of a substance represented to be a controlled substance | 79-358 |
| D. | 75-CF-3744 | 4/11/75 | Charging delivery of a substance represented to be a controlled substance | 78-405 |
| E. | 75-CF-3761 | 5/21/75 | Charging delivery of a substance containing Phenmetrazine | 78-405 |
| F. | 75-CF-3848 | 5/21/75 | Charging delivery of a substance containing MDA | 78-405 |
| G. | 75-CF-3868 | 4/16/75 | Charging delivery of a substance containing cannabis | 78-405 |
| H. | 75-CF-3869 | 4/23/75 | Charging delivery of a substance MDA to Glenn Perkins | 78-405 |
| I. | 75-CF-5111 | 5/23/75 | Charging delivery of a substance containing MDA to Jon Conley | [1] |
| J. | 75-CF-5112 | 4/23/75 | Charging delivery of a substance containing MDA to John Conley | 79-358 |

The State has appealed pursuant to Supreme Court Rule 604(a)(Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)). They have phrased two issues as follows:

"I

Did the trial court err in dismissing 75-CF-3848 when the additional discovery ordered on April 17, 1978, was orally supplied at that hearing?

II

Did the court abuse its discretion in dismissing cases numbered 75-CF-3744, 75-CF-3761, 75-CF-3868 and 75-CF-3869?"

[1] No appeal was taken because the State concedes this indictment charged the same offense as the indictment in Circuit Court No. 75-CF-5112.

The defendant has conceded in his brief that discovery was fully complied with in 75-CF-3848, but contests the State's appeal on the four remaining cases. The State argues that the trial court cannot dismiss the indictments with prejudice as a sanction for noncompliance with court ordered discovery.

We will not reach the issue raised by the State's argument in this appeal nor do we concur with the parties that case No. 75-CF-3848 should be reversed. We do, however, agree with the defendant's alternative argument that the dismissal of the indictments should be affirmed because of a violation of defendant's right to a speedy trial.

All the remaining indictments in addition to the four which were the subject matter of appellate case No. 79-358 are equally violative of defendant's constitutional right to a speedy trial. The delay of 31 months in arresting the defendant was unreasonably long and not justified by the reasons which caused it. We find the delay here applicable to all 10 indictments against the defendant including those five raised in this appeal. Our holding in *People v. Yaeger* mandates an affirmance of this appeal also.

For the reasons stated the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

SCOTT and STOUDER, JJ., concur.